# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

BROADCAST MUSIC, INC., *et al.*,       )
                                        )
       Plaintiffs,              )
                                        )
vs.                                     )    NO. CIV-16-0116-HE
                                        )
Z'S CLUB, LLC d/b/a/ Z'S CLUB, *et al.* )
                                        )
       Defendants.              )

## ORDER

The plaintiffs in this action have sued defendants for copyright infringement. Broadcast Music, Inc. ("BMI") owns the right to license the public performance rights to certain copyrighted musical compositions. The rest of the plaintiffs are the owners of the copyrighted songs, which they claim were publicly performed without authorization at Z's Club (the "Club"), an establishment owned by defendant Z's Club, LLC. In addition to Z's Club, LLC, plaintiffs have sued its present or past owners, Anthony Paul Vinson and Travis Reed. Defendant Vinson has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

When considering whether a plaintiff's claim should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff as the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint must, though, contain "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555

(2007). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Shields, 744 F.3d at 640 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Considering the complaint under this standard, the court concludes that defendant Vinson's motion should be denied.

Plaintiffs allege in the amended complaint that Z's Club publicly performs their copyrighted musical compositions without a license. They claim the club has continued the infringement even though BMI allegedly has repeatedly contacted defendants since January 2012, "in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire." Doc. #6, p. 4. Plaintiffs allege that defendant Vinson at all relevant times owned Z's Club, LLC, had the right and ability to supervise the activities of the limited liability company, and had a direct financial interest in, and was responsible for the operation and management of, both the limited liability company and the Club.

Vinson claims those allegations are insufficient to hold him individually liable for the activities of Z's Club, LLC because of its corporation-like status under Oklahoma law. He admits that he owns Z's Club, LLC, having purchased it with his wife from Travis Reed and Ronald Herring on September 5, 2012. However, he asserts that under 18 Okla. Stat. § 2022, "[a] person who is a member or manager, or both, of a limited liability company is not liable for the obligations of a limited liability company solely by reason of being such member or manager or both." He also claims that under 18 Okla. Stat. § 2016(4) he is

shielded by the "business judgment rule" from personal liability for any action or inaction while acting as a manager of Z's Club.

Plaintiffs allegations, though sparse, are sufficient to state a claim against defendant Vinson for vicarious copyright infringement. They allege that copyrighted musical compositions were publicly performed at Z's Club and "pleaded specific facts to raise a plausible inference that [Vinson] exercised control over and financially benefitted from the performance venue." Range Rd. Music, Inc. v. E. Coast Foods, Inc., 668 F.3d 1148, 1153 (9th Cir. 2012). As the court explained in Broadcast Music, Inc. v. Meadowlake, Ltd., 754 F.3d 353 (6th Cir. 2014), "[i]n interpreting the Copyright Act against its common law background, . . . courts have developed a handful of doctrines that make people liable for copyright infringement committed by others." Id. at 354. A defendant becomes liable under one of these doctrines "'by profiting from [the] infringement while declining to exercise a right to stop or limit it.'" (quoting Metro–Goldwyn–Mayer Studios, Inc. v. Grokster, 545 U.S. 913, 930,(2005)). The fact that Vinson owns Z's Club through a limited liability company may make a difference, as it "may affect whether [he] satisfies the test for vicarious liability in the first place." Id. at 355. However, "the classification of his business does not (at least in general) exempt him from liability." Id. "[I]t does not . . . matter whether [Oklahoma's] laws on limited liability companies would make Roy personally liable for wrongs committed by or at his [club]." Id.

Whether Vinson is shielded by the business judgment rule from personal liability for copyright infringement presents a factual dispute that cannot be resolved on a motion to

3

dismiss. Under the facts pleaded in the complaint, he would not be entitled to claim that the infringement resulted from an honest error in judgment when BMI, since January 2012, repeatedly warned defendants about the alleged infringement. Doc. #6, p. 4.

Plaintiffs have sufficiently pleaded a claim against defendant Vinson for copyright infringement based on vicarious liability. Accordingly, defendant Vinson's motion to dismiss [Doc. #16] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 25th day of April, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE